813 F.2d 580
 55 USLW 2514
 Julio HUERTAS, Carmen Melendez, Francisco Garcia, Rosaria
Esperon, Raphael Negron, Angelo Vasquez, Maria Sanchez,
Joyce Johnson, and Betty Robinson, individually and on
behalf of all other persons similarly situated, Lower East
Side Joint Planning Council on Housing, and It's Time, Inc.,
Plaintiffs- Appellees,
v.
EAST RIVER HOUSING CORP., Seward Park Housing Corp., Hillman
Housing Corp., Amalgamated Dwellings, Inc., Ralph Lippman,
as President and a member of the board of directors of East
River Housing Corp., President of Hillman Housing Corp., and
President of Amalgamated Dwellings, Inc., and Harold
Ostroff, as President and a member of the board of directors
of Seward Park Housing Corp., Defendants.
Appeal of EAST RIVER HOUSING CORP., Seward Park Housing
Corp., Hillman Housing Corp., Amalgamated Dwellings, Inc.,
and Ralph Lippman, as President and a member of the board of
directors of East River Housing Corp., President of Hillman
Housing Corp., and President of Amalgamated Dwellings, Inc.,
Defendants-Appellants.
 No. 644, Docket 86-7922.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 25, 1986.
Decided March 10, 1987.
 
 Kenneth Kimberling, New York City (Linda Flores, Puerto Rican Legal Defense & Education Fund, Inc., New York City, of counsel), for plaintiffs-appellees.
 Alan G. Blumberg, New York City (Peter J. Shatzkin, Szold & Brandwen, P.C., New York City, Nathan Lewin, Miller, Cassidy, Larroca & Lewin, New York City, of counsel), for defendants-appellants.
 Before MANSFIELD,* PRATT, and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 On this appeal we are called upon to decide whether, after overseeing extensive settlement negotiations that have produced agreement among the parties on all issues except attorneys' fees, a district judge has authority to enforce the agreement in all other respects and award attorneys' fees to the plaintiff class over defendants' objection. For reasons set forth below, we hold that when litigants seek to settle an action by agreement, the district judge has no authority to rule separately on an attorneys' fees award absent an express request by the litigants.
 
 
 2
 Plaintiffs commenced this housing discrimination action in the United States District Court for the Southern District of New York on September 12, 1977, pursuant to the Fair Housing Act of 1968, 42 U.S.C. Secs. 3601-3619, 3631, and the Civil Rights Act, 42 U.S.C. Secs. 1981, 1982, against four moderate-income housing cooperatives located on the lower east side of Manhattan and two individual officers thereof. The case was certified as a class action under Fed.R.Civ.P. 23, with the class defined to include hispanic and black individuals who have applied or will apply, or have or will have an interest in applying, to purchase apartments in the cooperatives.
 
 
 3
 Following a bench trial in February 1981 before Hon. Robert L. Carter, Judge, the parties, at the court's prompting, began settlement negotiations in December 1981. In March 1982 defendants agreed to accept a proposal recommended by the district court, but plaintiffs rejected that proposal. After further meetings beginning in July 1984, the parties reached an "agreement in principle" in January 1985, with counsel to draft a comprehensive settlement agreement through further negotiations.
 
 
 4
 The initial drafts of the formal stipulation of settlement that were exchanged by counsel diverged substantially on a number of issues, including the method for determining plaintiffs' attorneys' fees. Prior to a conference on June 7, 1985, at which Judge Carter oversaw the successful resolution of several other issues, defendants' counsel had sent letters to both the district court and plaintiffs' counsel clearly explaining that the directors of the cooperatives believed they had a fiduciary duty to know and agree to the amount of any attorneys' fees award before they could commit their corporations to the settlement.
 
 
 5
 An ensuing conference with Judge Carter on June 12, 1985, saw the parties come to agreement on all remaining open issues except attorneys' fees. At the final conference with the district court on August 8, plaintiffs submitted an affidavit in support of their request for attorneys' fees and costs, and defendants were ordered to submit a written response despite counsel's protestations that his clients had not agreed to let the court fix the fee. In a letter to the court dated November 20, 1985, defendants' counsel explained that while all four boards of directors of the cooperatives had found the proposed stipulation of settlement acceptable in substance, three of the boards adopted resolutions providing that the stipulation would not be finally approved and signed until the amount of the attorneys' fees was known and approved, and the fourth board conditioned final approval on an award that did not exceed $100,000.
 
 
 6
 No further conferences were held. Rather, Judge Carter issued an unreported opinion dated February 28, 1986, in which he ruled that the parties had reached an agreement in principle in January 1985, that the stipulation of settlement was reduced to final form in September 1985, and that although "[d]efendants have not signed the stipulation * * * apparently because they felt they could not accept it until they knew what the award to plaintiffs' counsel would be[, they] are bound by the settlement whether or not they are contented with the court's decision on the attorneys' fee." The opinion concludes by "award[ing] judgment against defendants for counsel fees of $227,418.70 and $28,083.63 for costs and expenses." Defendants' motion for reconsideration was denied.
 
 
 7
 Following a settlement hearing, Judge Carter issued a second opinion dated October 15, 1986, in which he approved the settlement under Fed.R.Civ.P. 23(e), having found it to be fair and reasonable to the class members. The opinion attempts to justify the court's earlier enforcement of the stipulation of settlement on the ground that "[t]he agreement may be classified as a settlement judgment as that term is characterized in Janus Films, Inc. v. Herbert Miller, [801 F.2d 578, 582] (2d Cir. Sept. 15, 1986)." Finally, a judgment that included the attorneys' fees awarded by the court was entered on October 30, 1986. This appeal followed.
 
 
 8
 Evans v. Jeff D., --- U.S. ----, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), controls the outcome of this appeal, and requires us to reverse. There, the Court explained that in deciding whether to settle an action, a defendant weighs the potential cost of adjudication on the merits against the cost of the settlement package, including an award of attorneys' fees that in many instances "can be as significant as, and sometimes even more significant than, * * * potential liability on the merits." Id. at 1541. For our purpose, the Court spoke with crystalline foresight in stating that it is "not implausible to anticipate that parties to a significant number of civil rights cases will refuse to settle if liability for attorney's fees remains open." Id. at 1542 (footnote omitted). Addressing the district judge's role in approving the terms of a settlement of a class action, the Court held:
 
 
 9
 the power to approve or reject a settlement negotiated by the parties * * * does not authorize the court to require the parties to accept a settlement to which they have not agreed. * * * Rule 23(e) does not give the court the power * * * to modify a proposed consent decree and order its acceptance over either party's objection.
 
 
 10
 Id. at 1537 (footnotes omitted).
 
 
 11
 Under Evans, therefore, Judge Carter acted without authority when he ordered defendants to be bound by the proposed stipulation of settlement when they had not yet agreed with respect to the attorneys' fees to be awarded to plaintiffs. Accordingly the judgment must be vacated and the matter remanded for further proceedings.
 
 
 12
 Judge Carter's citation to Janus Films, Inc. v. Miller, 801 F.2d 578 (2d Cir.1986), does not support his ruling. The settlement agreement we there characterized as a "settlement judgment" contained several significant factors not present here: the agreement to settle was reported on the record in open court; the district judge interrogated the parties under oath to confirm their understanding and acceptance of the terms of the settlement; no further negotiations were necessary as the parties had agreed to all principal terms, including attorneys' fees and costs; and, the district judge simply awaited the submission of a proposed judgment. Id. at 580. Even under such circumstances, however, we stated that while the judge is obligated to determine the detailed terms of the relief and the wording of the judgment, he may only implement and may not expand upon the parties' settlement. Id. at 583.
 
 
 13
 Here, by contrast, the litigants initially reached an "agreement in principle", and, as Judge Carter noted in his October 15 opinion, they "[left] to counsel the task of agreeing on the specific language of their agreement." Apparently, even the specific language was later worked out. However, the parties never did agree on the amount of attorneys' fees.
 
 
 14
 While we empathize with the frustration Judge Carter must have experienced when, after many years of litigation and settlement negotiations, one outstanding issue precluded final disposition of this case, nevertheless he could not for purposes of expediency and convenience impose on the parties his own determination of attorneys' fees without the parties having consented to that procedure. We recognize that Judge Carter adroitly mediated many of the issues resolved in the settlement conferences below. On remand, undoubtedly he will be able to bring his powers of persuasion to bear one more time to assist the parties in agreeing upon a reasonable attorneys' fee, and thereby avoid the obvious hazards of a court-adjudicated disposition of the entire proceeding.
 
 
 15
 Vacated and remanded for further proceedings. No costs to either party.
 
 
 
 *
 Judge Mansfield died after oral argument in this case. Because the remaining judges are in agreement, they have decided this appeal. Second Circuit Rule Sec. 0.14(b)